UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HENRY MURRY, JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:20-cv-00721-ACA |
| | ) |
| **WALMART STORES, INC.,** | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Plaintiff Henry Murry, Jr. filed this suit against Defendant Wal-Mart Stores East, LP ("Walmart"), alleging claims under twelve different statutes and common law causes of action. (Doc. 33 at 27). Before the court is Walmart's motion to dismiss Mr. Murry's third amended complaint. (Doc. 35). The court **WILL DENY IN PART AND GRANT IN PART** the motion. Because Mr. Murry's complaint states a plausible claim for relief for age and race discrimination, the court **WILL DENY** the motion to dismiss those claims. Because his complaint fails to state a claim for relief for any other cause of action, the court **WILL DISMISS** those claims without prejudice.

**I.   BACKGROUND**

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v.*

*Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).  Mr. Murry also attached to his complaint a copy of his Equal Employment Opportunity Commission ("EEOC") charge and documents showing his employment history and performance reviews from Walmart.  (Doc. 33 at 2–12).  Because exhibits attached to a complaint are considered a part of the pleading, the court will also describe the facts set out in the exhibits.  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

Mr. Murry is a sixty-year-old Black man.  (Doc. 33 at 35).  He worked for Walmart from 1980 until 2008 and again from 2016 until 2019, where his titles included "Assistant Manager," "Co-Manager," and "Manager," among others.  (*Id*. at 2–4, 23).

In the years 2016–2018, Mr. Murry's "Manager Rating" from Walmart was "Solid Performer."  (Doc. 33 at 10).  He received good performance reviews.  (*Id*. at 11).  A "Candidate Profile Report" for the position of "Manager" generated by Walmart based on an assessment completed five months prior to the alleged discriminatory act stated that Mr. Murry was "[l]ikely to be competent in all areas of the job and handle responsibilities with proficiency."  (*Id*. at 12).

2

After working as an Assistant Store Manager at a Walmart store in Brent, Alabama, in November 2018 Mr. Murry was transferred to a location in Northport. (Doc. 33 at 31). While there, Mr. Murry expressed interest in a higher salaried management position that he refers to as a "co-manager" (*id*. at 35), but which Walmart refers to as a "Shift Manager" (*id*. at 31). Walmart interviewed him for the position and the various candidates for the job all underwent a "Store Tour Assessment," after which a "white male in his mid-40s" was hired. (*Id*. at 31–32). The person hired for the position was younger and "had less experience, skills, and education." (*Id*. at 23). Mr. Murry learned of this outcome in April 2019. (*Id*. at 35).

On July 29, 2019, after attempting to return to his previous position at Walmart's Brent location, Mr. Murry was informed that he no longer had a job at that store, and "that [he] had 30 days to apply for a job, otherwise [he] would be terminated." (Doc. 33 at 23). He then took paid time off and "went on a short-term leave." (*Id*.). He applied for his previously held position at the Brent store but received no response. (*Id*.). On July 31, 2019, he complained to Walmart's "Ethics hotline," discussing another employee whose "job was protected" after he took "leave over 3 month[s]." (*Id*. at 16, 23).

Then, in September 2019 Mr. Murry "applied for critical illness grant money" and alleges that Walmart "delayed processing the paperwork in an act of retaliation."

3

(Doc. 33 at 23). He alleges that "[b]ased on the Medical Leave Act, [his] position should have been held for 12 months." (*Id*.). This court understands Mr. Murry to be referring to his position at the Brent store. He then alleges that he "was rushed back[] to work by management in order to secure [his] position" and that "[a]s a result, [his] body did not have time to fully recover." (*Id*. at 23–24). He provides no further details regarding what he needed to recover from, whether he requested leave under the Family and Medical Leave Act ("FMLA"), or when it was that Walmart "rushed" him back to work or under what circumstances.

Mr. Murry filed a charge of discrimination with the EEOC alleging that Walmart failed to promote him based on race and age, received a right-to-sue letter five months later, and then filed a complaint in this court. After being granted leave to amend his complaint three times, he filed a third amended complaint, which Walmart now moves to dismiss.

## II.   DISCUSSION

Mr. Murry alleges that Walmart violated the Fair Labor Standards Act, the Civil Rights Act, the National Labor Relations Act, the Age Discrimination in Employment Act, the Family and Medical Leave Act, the Alabama Workers' Compensation Act, the Alabama Age Discrimination in Employment Act, and alleges retaliatory discharge, harassment, fraud, defamation, and emotional distress. (Doc. 33 at 27). Walmart moves to dismiss all of these claims. (Doc. 35 at 1).

This court will first address Walmart's argument that Mr. Murry's entire complaint should be dismissed because it violates the Federal Rules of Civil Procedure and this court's orders to replead. (Doc. 35 at 10). Walmart argues that Mr. Murry's complaint is a "shotgun pleading" (*id.*), which would be grounds for dismissal without the court addressing the merits of his claims. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1360 (11th Cir. 2018) ("[F]iling a shotgun pleading is grounds for dismissal in this Circuit."). Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs."

The Eleventh Circuit has identified four types of shotgun pleadings, the second of which is relevant to Walmart's argument: a complaint that "is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–22 (11th Cir. 2015). According to the Eleventh Circuit, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323. Walmart argues that Mr. Murry "does not state what factual allegations support claims for discrimination

5

based on race" or "discrimination based on disability" and asserts it is left "with no way to formulate an answer to any purported claim." (Doc. 35 at 11).

Mr. Murry's complaint does contain some immaterial facts not obviously connected to any cause of action, such as his reference to a training class unrelated to the promotion for which he applied. (Doc. 33 at 23). And he attached a variety of exhibits, such as Walmart's Statement of Position in response to his EEOC charge. (*Id*. at 29–33). But the substance of his complaint is his two-page "Statement of Claim" (*id*. at 23–24), and his two-page EEOC charge (*id*. at 34–35). On those pages he clearly asserts that he is a sixty-year-old Black man who was qualified for the position for which he applied, but that position was awarded to a white man in his mid-forties. (*Id*. at 23, 35). Those facts are obviously related to causes of action for employment discrimination based on age and race—claims which Mr. Murry includes in his complaint. (*Id*. at 23, 34–35). Walmart's motion to dismiss demonstrates that it understands Mr. Murry's claims. (Doc. 35 at 11). This court is unpersuaded that Walmart is left with "no way to formulate an answer to any purported claim" and will not dismiss the complaint on those grounds.

However, some claims within the complaint are unsupported by any factual allegations and will be dismissed for that reason. On the "Pro Se General Complaint for a Civil Case" form provided to Mr. Murry by this court, he listed twelve distinct statutes and common law causes of action in the "Basis for Jurisdiction" section.

based on race" or "discrimination based on disability" and asserts it is left "with no way to formulate an answer to any purported claim." (Doc. 35 at 11).

Mr. Murry's complaint does contain some immaterial facts not obviously connected to any cause of action, such as his reference to a training class unrelated to the promotion for which he applied. (Doc. 33 at 23). And he attached a variety of exhibits, such as Walmart's Statement of Position in response to his EEOC charge. (*Id*. at 29–33). But the substance of his complaint is his two-page "Statement of Claim" (*id*. at 23–24), and his two-page EEOC charge (*id*. at 34–35). On those pages he clearly asserts that he is a sixty-year-old Black man who was qualified for the position for which he applied, but that position was awarded to a white man in his mid-forties. (*Id*. at 23, 35). Those facts are obviously related to causes of action for employment discrimination based on age and race—claims which Mr. Murry includes in his complaint. (*Id*. at 23, 34–35). Walmart's motion to dismiss demonstrates that it understands Mr. Murry's claims. (Doc. 35 at 11). This court is unpersuaded that Walmart is left with "no way to formulate an answer to any purported claim" and will not dismiss the complaint on those grounds.

However, some claims within the complaint are unsupported by any factual allegations and will be dismissed for that reason. On the "Pro Se General Complaint for a Civil Case" form provided to Mr. Murry by this court, he listed twelve distinct statutes and common law causes of action in the "Basis for Jurisdiction" section.

(Doc. 33 at 27). Nowhere in the complaint does he allege any facts relating to claims under the Fair Labor Standards Act, the National Labor Relations Act, or the Alabama Workers' Compensation Act. Nor does he allege any facts relating to state law claims of harassment, fraud, defamation, or emotional distress. Accordingly, the court **WILL GRANT** the motion to dismiss these claims.

Mr. Murry does allege facts relating to claims of discrimination and retaliation under Title VII, the ADEA, the Americans with Disabilities Act ("ADA"), and the Alabama Age Discrimination in Employment Act ("AADEA"). He also alleges facts relating to a failure to provide medical leave under the FMLA. The court will address these claims below.

1. Retaliation

Title VII, the ADA, and the ADEA all contain similar provisions prohibiting employers from discriminating against employees for "opposing" employment practices made unlawful by the acts. 42 U.S.C. §§ 2000e-3(a), 12203(a); 29 U.S.C. § 623(d). Because of the similarities of these provisions, retaliation claims under all three are assessed under the same framework. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). Additionally, "the purpose and prohibitions of the AADEA are similar to those of the . . . ADEA," thus "ADEA principles should . . . govern in AADEA cases." *Robinson v. Ala. Cent. Credit Union*, 964 So. 2d 1225, 1228 (Ala. 2007).

Courts refer to an act of opposition protected under these statutes as a "protected activity." *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998). A complaint about discrimination is a protected activity "if the plaintiff could 'reasonably form a good faith belief that the alleged discrimination existed.'" *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 925 (11th Cir. 2018) (quoting *Taylor v. Runyon*, 175 F.3d 861, 869 (11th Cir. 1999)).

Here, Mr. Murry states that he "complained to the Ethics hotline," but he does not allege that his complaint was about employment practices prohibited by these statutes. (Doc. 33 at 23). He states that in his call to the hotline he discussed another employee whose "job was protected" when he took "leave over 3 month[s]," but he provides no further information. (*Id*. at 16). As Mr. Murry's complaint does not allege sufficient facts to state a plausible claim of retaliation under Title VII, the ADA, the ADEA, or the AADEA, the court **WILL GRANT** the motion to dismiss these claims.

2.   Discrimination Based on Disability

Walmart argues that the disability discrimination claim in Mr. Murry's complaint should be dismissed because he failed to exhaust administrative remedies. (Doc. 35 at 16).

A "judicial complaint is limited by the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination." *Gregory*

8

*v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004).  Mr. Murry's EEOC charge alleges discrimination based only on race and age.  (Doc. 33 at 35). Because Mr. Murry's third amended complaint does not allege any facts relating to a disability or discrimination based on disability, the court cannot determine whether an EEOC investigation into his discrimination claims might have encompassed a disability claim.  Thus, the court **WILL GRANT** the motion to dismiss this claim because of his failure to exhaust the required administrative remedies.

3.   Discrimination Based on Race

A complaint alleging discrimination under Title VII need "only 'provide enough factual matter (taken as true) to suggest intentional race discrimination.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).  It does not need to "allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case."  *Id*.  But as the Eleventh Circuit recently explained, alleging a prima facie case is one way to plausibly state a claim for relief under Title VII. *Ziyadat v. Diamondrock Hosp. Co.*, No. 20-10485, --- F.4th ----, 2021 WL 2934695, at *3–4 (11th Cir. July 13, 2021) (holding that the plaintiff had "alleged a plausible circumstantial case of racial discrimination" under *McDonnell Douglas*, thus his complaint was sufficient to survive a motion to dismiss).

Demonstrating a prima facie case "requires only that the plaintiff establish facts adequate to permit an inference of discrimination." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). To establish a prima facie case of discriminatory failure-to-hire, a plaintiff must show "that she is a member of a protected class, that she applied for and was qualified for an available position, that she was rejected, and that the defendant filled the position with a person outside of the protected class." *Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270, 1274–75 (11th Cir. 2002).

Here, Mr. Murry's complaint asserts that he is Black, he applied for and was qualified for an available position, he was rejected, and that Walmart filled the position with a person who is white. (Doc. 33 at 35). His complaint includes his extensive work history with Walmart and other retailers featuring job titles such as "Manager," "Assistant Manager," and "Co-Manager." (*Id.* at 2–7). It further includes performance reviews stating that he "Exceeds Expectations" and describing his various managerial skills in a positive light. (*Id.* at 8–12). The factual allegations in Mr. Murry's complaint plausibly state a claim that he was qualified for the position and thus are sufficient to permit an inference of discrimination.

  4. Discrimination Based on Age

As explained above, plaintiffs alleging discrimination are not required at the pleading stage to establish a prima facie case under *McDonnell Douglas* but doing

so will be sufficient to survive a motion to dismiss. The elements of a prima facie case of age discrimination under the ADEA are "(1) that [the plaintiff] was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject to adverse employment action; (3) that a substantially younger person filled the position that she sought or from which she was discharged; and (4) that she was qualified to do the job for which she was rejected." *Kragor v. Takeda Pharms. Am., Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012) (quoting *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir.1999)).

Mr. Murry's complaint asserts that he is sixty years old, he was not hired for the position for which he applied, a person in his mid-forties was hired for the position, and that Mr. Murry was qualified for the job. (Doc. 33 at 35). Just as with Mr. Murry's claim of race discrimination, his complaint plausibly alleges a set of facts that permits an inference of age discrimination under the ADEA and ADEAA.

5.  Denial of Medical Leave

The FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period" in the event of "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). The FMLA defines a "serious health condition" as an "illness, injury, impairment, or physical or mental condition that

11

involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

The only allegations in Mr. Murry's complaint regarding a denial of medical leave are that "[b]ased on the Medical Leave Act, [his] position should have been held for 12 months," and that he "was rushed back[] to work by management in order to secure [his] position," and "[a]s a result, [his] body did not have time to fully recover." (Doc. 33 at 24–25). Mr. Murry does not allege that he ever requested leave under the FMLA, nor does he allege any serious health condition that made him unable to perform the functions of his position. Therefore, he fails to state a claim for relief under the FMLA. The court **WILL GRANT** Walmart's motion to dismiss the FMLA claim.

### III.   CONCLUSION

For the reasons above, the court **WILL DENY** Walmart's motion to dismiss Mr. Murry's claims of discrimination based on age and race and **WILL GRANT** Walmart's motion to dismiss all of Mr. Murry's other claims.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this July 29, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE